UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE MITCHELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-919-RLB** |
| **DIAMOND PLASTICS CORP., ET AL.** | **CONSENT** |

## ORDER

Before the Court is Automation Personnel Services, Inc.'s ("Automation") Motion for Summary Judgment. (R. Doc. 32). The deadline for filing an opposition has expired. LR 7(f). The motion is therefore unopposed.

Also before the Court is Plaintiff's Unopposed Motion for Leave to File Second Supplemental and Amending Complaint. (R. Doc. 35).

I.   **Background**

Clarence Mitchell ("Plaintiff") commenced this personal injury action on October 18, 2018, naming as defendants Automation and Diamond Plastics Corp. ("Diamond") (R. Doc. 1). The Complaint alleges causes of action for intentional torts, negligent supervision, and vicarious liability. The following is a summary of relevant alleged facts alleged in Paragraphs 11-13 of the Complaint.

On or about August 29, 2018, Clarence Mitchell was using a valve machine to cut gaskets. At some point the valve machine that he was using started to move from its stationary position, the cutting mechanism kept falling, and the dropping blade came close to severing Plaintiff's hand. Plaintiff summoned his supervisor, Earl Powers, who is a direct employee of Diamond. Mr. Powers came over and tightened the bolt that was supposed to stop the blade from dropping. This was done several times throughout the day that Plaintiff complained to Mr.

Powers. Mr. Powers then told Plaintiff, be careful, "That machine gonna grab your arm if you don't be careful. Keep working though, we need to put a guard on that thang." The valve machine continued to move and again Plaintiff asked Mr. Powers for help and he was told to keep working. About ten minutes later, the valve machine that Plaintiff was using came loose again, the bolt dropped, and this time it sucked in Plaintiff's arm. As a result, Plaintiff lost his arm at a point right above his wrist. The valve machine came loose because it did not have the required safety guards that was needed to keep it from vibrating and to keep the machine in place.

On March 1, 2019, Automation filed its first Motion for Summary Judgment on the basis that Plaintiff's claims against Automation are barred by workers' compensation exclusivity. (R. Doc. 21). The same day, Plaintiff filed an Unopposed Motion for Leave to File Supplemental and Amending Complaint ("Amended Complaint"). (R. Doc. 22). The Court granted the motion (R. Doc. 25), and entered Plaintiff First Supplemental and Amending Complaint ("Amended Complaint") into the record (R. Doc. 27). Based on the foregoing, the Court denied Automation's first Motion for Summary Judgment with leave to refile to address any modifications to the pleadings. (R. Doc. 30).

The Amended Complaint modifies the allegations with respect to the causes of action for intentional torts, negligent supervision, and vicarious liability, and adds a product liability claim against a new defendant, Plastics Extrusion Machinery, Inc. With respect to his intentional tort claim, Plaintiff alleges that Diamond "knew with certainty . . . that removing the guards from the belling machine would cause death or great bodily harm as another employee at a [Diamond] facility was killed as a result of removing guards from a belling machine." (R. Doc. 27 at 5). Plaintiff does not make the same allegation with respect to Automation. Similarly, in support of his negligent supervision claim, Plaintiff alleges that "the supervisors and managers of

[Diamond] were acting under the direction and control of [Diamond], and pursuant to the rules, polices, and procedures put in place by [Diamond]" without raising similar allegations with respect to Automation. (R. Doc. 27 at 6-7). Plaintiff does not include Automation as a defendant with respect to his vicarious liability or product liability claims. (R. Doc. 27 at 7-10).

Automation filed its Motion for Summary Judgment on May 15, 2019. (R. Doc. 32). Automation argues that the "intentional acts" allegations in the Amended Complaint are solely directed at Diamond and not at Automation. (R. Doc. 32-1 at 4). Automation argues that because it is undisputed that Plaintiff was injured in the course and scope of his employment, any potential claim for damages against Automation is governed exclusively by the Louisiana Workers' Compensation Act ("LWCA"). (R. Doc. 32-1 at 6). Accordingly, Automation argues that Plaintiff's claim for negligent supervision is barred and Plaintiff has not alleged intentional acts that allow for recovery outside of the LWCA. (R. Doc. 32-1 at 6-11). In the alternative, Automation argues that if Plaintiff's allegations do rise to the level of an intentional tort, the Amended Complaint clarifies that Automation had no control over Plaintiff, and, therefore, cannot be held liable for the intentional tort. (R. Doc. 32-1 at 11-12).

Plaintiff now seeks leave to add HWEM, Inc., formally Plastics Extrusion Machinery, Inc., as an additional defendant in this action. (R. Doc. 35). The proposed Second Supplemental and Amending Complaint seeks to retain Automation as a defendant, but does not add any additional substantive allegations with respect to Automation. (R. Doc. 35-2).

**II.    Law and Analysis**

    **A.    Summary Judgment Standard**

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing

3

party may not rest on the mere allegations of their pleadings, but rather must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, summary judgment must be entered against the plaintiff, if he or she fails to make an evidentiary showing sufficient to establish the existence of an element essential to his or her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Without a showing sufficient to establish the existence of an element essential to the plaintiff's claim, there can be "no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

Local Rule 56(a) provides that "[e]very motion for summary judgment shall be accompanied by a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. The Court need only consider "cited materials" and may ignore other materials in the record. Fed. R. Civ. P. 56(c)(3); *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . .").

Furthermore, only evidence that is competent, or admissible, may be used to support summary judgment. *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). "'[U]nsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Serna v. Law Office of*

4

*Joseph Onwuteaka*, P.C., 614 F. App'x 146, 153 (5th Cir. 2015) (quoting *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)).

B.   **Established Facts**

Automation has submitted a Statement of Uncontested Facts. (R. Doc. 32-1 at 1-2). These statements of facts are supported by an Affidavit of Paula Jarreau, Automation's Branch Manager. (R. Doc. 32-2). As Plaintiff fails to address Automation's assertions of fact as required by Rule 56(c), the Court considers any uncontroverted fact asserted by Automation to be "undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2); *see also* LR 56(b) ("All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this Rule.").

The following facts are deemed undisputed and admitted for the purposes of Automation's Motion for Summary Judgment. Plaintiff was an employee of Automation on August 29, 2018, the actual date of the incident. Automation is a staffing agency in the business of providing temporary employees to its contracted customers. Diamond is a customer of Automation. Automation hired Plaintiff as a temporary employee and provided him to Diamond. Plaintiff's wages were paid by Automation. On the date of the incident, Plaintiff was working at the facility of Diamond and under the supervision and control of Diamond. Automation did not provide any direction, supervision, or training to Plaintiff in connection with his work duties at Diamond on the date of the incident. Automation did not exercise any custody or control over Plaintiff, or any employee of Diamond. Automation is currently providing benefits to Plaintiff pursuant to the LWCA in the form of medical and indemnity benefits.

C.   **The Louisiana Workers' Compensation Act**

Under the LWCA's exclusivity provision, an employee's exclusive remedy against his employer and any coworkers for personal injuries sustained during the course and scope of

employment is ordinarily limited to recovering workers' compensation benefits rather than tort damages. La. R.S. § 23:1032(A); *see McClin v. H & H Lure Co.*, 102 F. Supp. 2d 341, 343 (M.D. La. 2000). However, this tort immunity does not apply when the employee's injuries are the result of an intentional act. La. R.S. § 23:1032(B). In those instances, the statute does nothing to shield the liability of an employer or co-employee. The plaintiff bears the burden of demonstrating the work-related injury resulted from an intentional act. *Mayer v. Valentine Sugars, Inc.*, 444 So.2d 618, 621 (La. 1984).

The intentional act exception to workers' compensation is narrowly construed. *Reeves v. Structural Preservation Systems*, 731 So.2d 208 (La. 1999). An act is intentional whenever the defendant employer "either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct." *Swope v. Columbian Chemicals Co.*, 281 F.3d 185, 195 (5th Cir. 2002) (quoting *Bazley v. Tortorich*, 397 So.2d 475, 482 (La. 1981)). Generally, Louisiana courts recognize that "mere knowledge and appreciation of a risk does not constitute intent; reckless or wanton conduct, gross negligence, disregard of safety regulation or the failure to use safety equipment by an employer does not constitute intentional wrongdoing." *DelaHoussaye v. Morton Intern. Inc.*, 300 Fed. App'x 257, 258 (5th Cir. 2008) (citing *Micele v. CPC of La., Inc.*, 709 So.2d 1065, 1068 (La. App. 4th Cir. 1998)); *see also Rosales v. Bunzzy's Enter. Realty LLC*, No. 06-11149, 2008 WL 754856, at *2 (E.D. La. Mar. 19, 2008) (identifying certain situations that Louisiana courts have determined "almost universally do not form the basis of an intentional tort: failure to provide a safe place to work, poorly designed machinery, failure to follow OSHA safety provisions, failure to provide requested safety equipment, and failure to correct unsafe working conditions.") (citing *Zimko v. American Cyanamid*, 905 So.2d 465, 477 (La. App. 4th Cir. 2005)).

The Louisiana Supreme Court has noted that "[b]elieving that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation." *Reeves*, 731 So.2d at 212. Instead, the phrase "'[s]ubstantially certain to follow' requires more than a reasonable probability that an injury will occur and 'certain' has been defined to mean 'inevitable' or 'incapable of failing.'" *Id*. (citing *Jasmin v. HNV Cent. Riverfront Corp.*, 642 So. 2d 311, 312 (La. App. 4th Cir. 1994)). *See also Guillory v. Domtar Industries Inc*., 95 F.3d 1320, at 1327 (5th Cir. 1996) ("[T]he substantially certain test is satisfied when an employer *consciously* subjects an employee to a hazardous or defective work environment where injury to the employee is *nearly inevitable*—that is, injury is 'almost certain' or 'virtually sure' to occur or is incapable of being avoided.") (emphasis original) (citing *Kent v. Jomac Products, Inc*., 542 So.2d 99, 100 (La App. 1st Cir. 1989); *Bourque v. Nan Ya Plastics Corp., America*, 906 F. Supp. 348, at 353 (M.D. La. 1995) ("An injury is not "substantially certain" to occur merely because a high probability of injury exists; injury is only intentionally caused where the injury is virtually sure to occur, or nearly inevitable."), *aff'd*, 157 F.3d 903 (5th Cir. 1998).

    D.    **Automation is Entitled to Summary Judgment**

It is uncontroverted that Automation was the direct employer of Plaintiff.[1] Under the LWCA, Plaintiff must prove an intentional act to recover from Automation.

Plaintiff has alleged no facts in the Amended Complaint in support of a finding that Automation has committed an intentional act within the meaning of the LWCA. In Paragraph 21 of the Amended Complaint, Plaintiffs makes the conclusory allegation that all acts alleged in the

---

[1] The Court makes no determination at this time with respect to whether Diamond is Plaintiff's statutory employer under the LWCA.

pleading are also alleged to have been committed intentionally. In the following paragraphs, Plaintiff includes Automation in allegations of intentional wrongdoing using the plural "defendants" without alleging any specific allegations regarding Automation's involvement in the underlying incident. The allegations concern certain acts that Automation, as the lending employer, would have no direct involvement with, such as the maintenance of Diamond's equipment.

There is no dispute that Plaintiff worked at Diamond's facility and Automation did not exercise any custody or control over Plaintiff or Diamond's employees. Plaintiff specifically alleges that "[a]t all times material, [he] was under the direct supervision, authority, employ, and control" of Diamond at the relevant work site. (R. Doc. 27 at 3). Plaintiff has made no allegations, much less presented any evidence, that Automation was in any way involved in the underlying incident resulting in injuries to Plaintiff, had any conscious desire for the resulting injury, or otherwise knew that the injury was substantially certain to follow from its conduct, namely supplying Plaintiff as a laborer to Diamond. While Plaintiff alleges in the original Complaint that Automation and Diamond have a contract resulting in shared liability (R. Doc. 1 at 2), this allegation is removed in the Amended Complaint. Furthermore, Plaintiff has provided no evidence of the contract or any arguments with respect to why the existence of such a contract would result in Automation having committed an intentional act.

Based on the foregoing, the Court finds that there is no genuine issue of material fact to be tried with respect to Automation, and Plaintiff's claims against Automation must be dismissed. In failing to oppose the instant motion, Plaintiff has offered no arguments or evidence supporting a contrary finding.

### E. Plaintiff's Second Supplemental and Amending Complaint

Plaintiff timely seeks to amend the pleadings to allege claims against HWEM, Inc., formally Plastics Extrusion Machinery, Inc. The proposed pleading, however, retains Automation as a defendant. Given the instant ruling on Automation's Motion for Summary Judgment, the Court will require Plaintiff to submit a new proposed pleading that removes Automation as a defendant.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Automation's Motion for Summary Judgment (R. Doc. 32) is **GRANTED**, and Plaintiff's claims against Automation are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion for Leave to File Second Supplemental and Amending Complaint (R. Doc. 35) is **DENIED**. Within **7 days** of the date of this Order, Plaintiff may seek leave to amend the pleadings to add HWEM, Inc., formally Plastics Extrusion Machinery, Inc. as a defendant. Any proposed pleading must not include Automation as a defendant.

Signed in Baton Rouge, Louisiana, on June 13, 2019.

　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**