UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLARENCE MITCHELL                                CIVIL ACTION

VERSUS

DIAMOND PLASTICS CORPORATION,             NO.: 18-00919-BAJ-RLB
ET AL.

RULING AND ORDER

Before the Court is Defendant Plastics Extrusion Machinery, LLC**'s Motion to Dismiss (Doc. 47)**. Defendant requests the Court to dismiss Plaintiff's action pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated herein, Defendant's Motion is **DENIED.**

I.     BACKGROUND

This action arises from a malfunction of machinery resulting in the dismemberment of Plaintiff's right hand. Plaintiff was formerly employed as a belling machine operator for Diamond Plastics Corporation ("Diamond"). (Doc. 39 at p. 3). Plaintiff used the belling machine to cut and insert gaskets into PVC pipe. Plaintiff alleges that prior to the incident on which this action is based, the belling machine he operated shifted from its stationary position due to the vibrations from the machine. Plaintiff alleges that HWEM, Inc. ("HWEM") manufactured the machine. (Id.) Plaintiff alleges that when the belling machine shifted, the cutting mechanism failed, and the blade of the machine nearly fell on his hand. (Id. at p. 4). After this

1

incident, his supervisor tightened a bolt to hold the cutting mechanism in place. (Id.). Plaintiff further alleges that he continued to complain about the blade dropping. He claims that the supervisor advised him that the machine needs a guard on it and for Plaintiff to be careful because the machine could grab his arm without the guard. (Id).

Plaintiff asserts that the belling machine continued to shift as a result of the machine's vibrations. Plaintiff further asserts that he continued to complain about the malfunctioning of the belling machine only to be ordered to continue to operate the machine. On August 23, 2018, several minutes after Plaintiff's supervisor last told him to continue operating the machine as is, the cutting mechanism loosened, and the belling machine sucked in Plaintiff's right arm. The damage from this incident caused Plaintiff to lose his right hand. (Id.).

Plaintiff filed a Complaint (Doc. 1) and an Amended Complaint (Doc. 39), alleging intentional acts, negligence, and vicarious liability against Diamond. Plaintiff argues that the cutting mechanism on the belling machine became loose because Diamond purposefully removed the required safety guards needed to stop the vibrations. Plaintiff additionally argues theories of successor liability and products liability against Defendant Plastics Extrusion Machinery, LLC ("PEM"), which filed the instant motion, arguing that Plaintiff has failed to state claims for successor liability and products liability.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). Hence, a complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A. Successor Liability

In his Amended Complaint, Plaintiff argues that PEM is liable for all damages asserted in its capacity as a successor-in-interest to HWEM. Plaintiff claims that PEM purchased HWEM, the alleged manufacturer of the belling machine operated by Plaintiff, through an asset only sale on December 29, 2017. Plaintiff claims that PEM was aware of all prior sales of equipment, manufacturing techniques and

3

outstanding liabilities and potential liabilities, including the failure to warn of inherently dangerous operations concerning the use or non-use of protective guards. Plaintiff pleads that PEM is liable because it (1) expressly or impliedly agreed to assume the obligations of HWEM in the sales transaction; (2) PEM is merely a continuation of HWEM; (3) the sales transaction amounts to a consolidation or merger of HWEM and/or (4) the sales transaction was entered into to help escape liability. (Doc. 39 at p. 9).

Louisiana law follows the basic principle of successor liability addressed in *Golden State Bottling Co. v. NLRB*, 414 U.S. 168 (1973). See *Pichon v. Asbestos Defendants*, 52 So.3d 240, 243 (La. App. 4th Cir. 2010). "The general rule of corporate liability is that, when a corporation sells all of its assets to another, the latter is not responsible for the seller's debts or liabilities, except where (1) the purchaser expressly or impliedly agrees to assume the obligations, (2) the purchaser is merely a continuation of the selling corporation, or (3) the transaction is entered into to escape liability. *Id*.

In his Complaint, the only fact that Plaintiff has pleaded to support his allegations for successor liability is that PEM purchased HWEM through what was essentially a sham asset only sale. The Court finds that Plaintiff has failed to allege facts sufficient to establish successor liability of PEM, as to the first and third exceptions. Plaintiff alleges no facts as to how PEM expressly or impliedly agreed to assume the obligations of HWEM or how PEM's purchase of the assets of HWEM was a transaction entered into to escape liability.

As for the second exception, the threshold requirement for determining whether the continuation exception applies is that one corporation must have purchased all the assets of another. *AMEC Construction Management, Inc. v. Fireman's Fund Ins. Co.*, No. CIV.A. 13-718-JJB, 2014 WL 1875264, at *3 (M.D. La. May 9, 2014); *Monroe v. McDaniel*, 207 So.3d 1172, 1181 (La. App. 5 Cir. 12/7/16). In determining if the successor is in fact a continuation of the predecessor, consideration should be given to whether the predecessor and successor have common shareholders, directors, officers, or employees. *Monroe v. McDaniel,* at 1181. Plaintiff alleges that PEM purchased HWEM through a sham asset only sale. Plaintiff does not allege any further specific details evidencing how PEM is a continuation of HWEM or whether PEM continues to make the very same belling machine that caused Plaintiff's injury. The Court notes that Plaintiff's allegation contains scant detail about its allegation that PEM purchased HWEM's assets and that it may be required to assume HWEM's liabilities

Although Plaintiff has failed to sufficiently plead his successor liability claim to satisfy the first and third exceptions, the Court will not dismiss Plaintiff's claims. The Court will order the parties to conduct additional discovery limited to the second exception, that is, whether PEM is a continuation of HWEM. The Court will permit sixty days from the date of this order for all discovery to be propounded.

**B. Products Liability**

The Louisiana Products Liability Act ("LPLA") establishes "the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. 9:2800.52. A claimant may not recover on the basis of any theory not set forth in the LPLA. *Jefferson v. Lead Indus. Assoc., Inc.,* 106 F.3d 1245,1250-51 (5th Cir. 1997). To maintain a successful products liability action under the LPLA, plaintiff must establish four elements: (1) that defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonable dangerous;" and (4) that the claimant's damage arose from a reasonable anticipated use of the product by the claimant or someone else. *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261 (5th Cir. 2002).

Plaintiff alleges that "upon information and belief, HWEM is the manufacturer of the belling machine" that Plaintiff operated at the time of his injury. Plaintiff argues that HWEM is the manufacturer as defined in the Louisiana Products Liability Act (LPLA), La R.S. 9:2800.53, and is responsible for the machine and its appurtenant and component parts. Plaintiff's LPLA claim is premised on the theory that PEM is the successor manufacturer to HWEM.

As noted, the Court is without adequate facts to determine if the theory of successor liability is applicable to this case. If Plaintiff develops sufficient evidence to prove his successor liability claim after discovery, his products liability claim may proceed.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion (Doc. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that additional discovery shall proceed on the issue of whether Plastics Extrusion Machinery, Inc. is a continuation of HWEM, Inc.

**IT IS FURTHER ORDERED** that the deadline for the completion of additional discovery is thirty days from the date of this order.

Baton Rouge, Louisiana, this 24th day of March, 2020.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**