# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CLARENCE MITCHELL**                                          **CIVIL ACTION**

**VERSUS**                                                              **NO. 18-919-BAJ-RLB**

**DIAMOND PLASTICS CORP., ET AL.**

## ORDER

Before the Court is the Motion to Compel (R. Doc. 87) filed by Plaintiff, Clarence
Mitchell, on March 26, 2020. An Opposition (R. Doc. 91) was filed by Defendant, Plastics
Extrusion Machinery, LLC ("PEM, LLC"), on May 6, 2020. Plaintiff filed a Reply (R. Doc. 94)
on May 19, 2020.

## I.      Background

The Second Supplemental and Amending Complaint (R. Doc. 39) alleges that, on or
about August 23, 2018, Plaintiff was operating a belling machine when the cutting mechanism
came loose and sucked his hand into the machine, causing him to lose his right hand above his
wrist. (R. Doc. 39 at 4).

Plaintiff alleges that PEM, LLC purchased the assets of HWEM, Inc., previously known
as PEM, Inc., on December 29, 2017, thereby making it the successor in interest. (R. Doc. 39 at
4). Plaintiff alleges that HWEM, Inc. designed, manufactured, marketed, and introduced the
subject belling machine into the stream of commerce. (R. Doc. 39 at 2). Against PEM, LLC,
Plaintiff brings a claim for successor liability, alleging that it was aware of all prior sales of
equipment, manufacturing techniques and outstanding liabilities and potential liabilities,
including but not limited to the failure to warn of inherently dangerous operations and the
use/non-use of protective guards, and therefore, PEM, LLC is liable. (R. Doc. 39 at 9).

On March 24, 2020, the district court issued a Ruling and Order (R. Doc. 84) denying the Motion to Dismiss (R. Doc. 47) filed by PEM, LLC. Therein, the district court concluded that Plaintiff had failed to state a claim against PEM, LLC for successor liability, but ordered additional discovery on the issue, and conditioned the viability of Plaintiff's claim for product liability on whether Plaintiff could ultimately state a claim for successor liability. (R. Doc. 84 at 5-6).

As to his Motion to Compel, Plaintiff represents that PEM, LLC failed to provide adequate responses to his first Discovery Requests, and conducted a Rule 37 conference by email on March 5, 2020, and by phone on March 9, 2020. (R. Doc. 87 at 1). Plaintiff also represents that he propounded his Supplemental Discovery Requests to Plastics Extrusion Machinery, LLC on March 12, 2020, but received no response, and conducted a Rule 37 conference by email on March 23 and 24, 2020. (R. Doc. 87 at 1). This instant Motion to Compel (R. Doc. 87) followed. Plaintiff has since filed a separate Motion to Compel (R. Doc. 98) as to PEM, LLC's failure to timely and adequately respond to his Supplemental Discovery Requests, which was granted in part and denied in party by way of Order (R. Doc. 103) dated July 10, 2020, based on Defendant's failure to file a timely opposition. Accordingly, the Court will not address any argument with regard to Plaintiff's Supplemental Discovery Requests herein.

II.    **Law and Analysis**

A.    **Legal Standard**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

A party must respond or object to interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or

incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### B.    Analysis

Plaintiff seeks to compel response to his first Discovery Requests to PEM, LLC, arguing its responses were insufficient. The Court will first address general and recurring objections, then turn to specific discovery requests.

### 1.    Scope of District Court's March 24, 2020 Ruling and Order

The district judge issued his Ruling and Order (R. Doc. 84) on March 24, 2020, denying the Motion to Dismiss (R. Doc. 47) filed by PEM, LLC. Therein, the parties were ordered "to conduct additional discovery limited to the second exception, that is, whether PEM is a continuation of HWEM," rather than dismiss Plaintiff's successor liability claim for failure to sufficiently plead it, and permitted "sixty days from the date of this order for all discovery to be propounded." (R. Doc. 84 at 5).

PEM, LLC now argues that the Ruling and Order issued by the district judge governs the scope of permissible discovery, limiting Plaintiff to seeking information from PEM, LLC regarding successor liability but not products liability. (R. Doc. 91 at 2). The district judge's Ruling and Order was issued only two days before the March 26, 2020 discovery deadline in place at that time. Following that Ruling and Order, and in response thereto, this Court issued an Amended Scheduling Order consistent with the district court's ruling, allowing for a discovery extension of sixty (60) days on the issue of successor liability as to PEM, LLC, stating that "[t]he deadlines set forth in this Order shall not interfere with deadlines or scope of discovery set forth in the Amended Order (R. Doc. 85) issued by District Judge Brian A. Jackson." (R. Doc. 86 at 2).

4

PEM, LLC's argument that the March 24, 2020 Ruling and Order of the district court controls the scope of discovery at issue herein is without merit. The district court's Ruling and Order provided a prospective 60-day period within which the parties were directed to conduct additional discovery pertaining to the issue of successor liability. That Ruling and Order did not, however, contain any statement purporting to moot prior discovery or limit the scope of prior discovery. The undersigned will not read such a limitation into the district judge's order absent explicit instructions to do so.  Here, although it is unclear from the record when the discovery requests at issue were propounded, the responses attached to Plaintiff's Motion contain a response date of March 2, 2020, and Plaintiff represents that conferences regarding those responses were held on March 5, March 9, and March 25, 2020. (R. Doc. 87-2 at 24; R. Doc. 87 at 1).

What is clear is that Plaintiff propounded the discovery requests, PEM, LLC answered the discovery requests, and the adequacy of the discovery responses was at issue prior to the district court's Ruling and Order.  Beyond the March 26, 2020 discovery deadline that was in place at the time of the district court's Ruling and Order, the district court limited the scope of discovery between Plaintiff and PEM, LLC to the issue of successor liability, such that, where this Court has extended deadlines, it has done so subject to that limitation. Discovery propounded, answered, and in dispute at the time of the district court's Ruling and Order was not so limited, and PEM, LLC's objection to the scope of discovery on those grounds is overruled.

## 2. Bates Numbering

Plaintiff also raises a general objection to the production already received from PEM, LLC that "none of the documents produced in response are Bates numbered and there is no ready way to determine which documents are produced in response to which particular requests." (R.

Doc 87-1 at 3). PEM, LLC's Opposition does not address this objection. "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). PEM, LLC has made no representation that it provided responsive documents as they are kept in the usual course of business, nor has it even addressed Plaintiff's concerns. *See United States v. Bollinger Shipyards, Inc.*, No. 12-920, 2015 WL 13529562, at *3 (E.D. La. Apr. 13, 2015) ("A party claiming that documents were produced as kept in the usual course of business bears the burden of demonstrating that fact."). Further, "[s] imply randomly placing documents on a DVD or jump drive is not what the Rule envisions… This is an unacceptable and sloppy production." *MMR Constructors, Inc. v. Syngenta Crop Prot., Inc.*, No. 06-918, 2008 WL 11351444, at *4 (M.D. La. Dec. 16, 2008).

The Court will order PEM, LLC to specifically identify which portions of its prior production pertain to which discovery requests. PEM, LLC may reproduce those documents in numbered format to facilitate that identification. Any documents produced in the future must be numbered and identify the specific documents or groups of documents by Bates number and the corresponding categories in the discovery requests.

### 3.    Subject Machine

Plaintiff objects to many of PEM, LLC's responses on the grounds that his request was not limited to the subject belling machine, but rather includes all belling machines model 616BGLP, and successor models, and any other belling machine. PEM, LLC makes various objections to Plaintiff's discovery requests on the grounds that it is not the manufacturer of the subject machine, or that Plaintiff's request is "unrelated to the subject machine from which the claims against PEM stem." (*See, e.g.,* R. Doc. 91 at 5).

Plaintiff has brought claims for personal injuries resulting from his operation of a pipe belling machine, and his discovery requests specify model 616BGLP.[1] His discovery requests seek various information regarding this specific model, as well as any successor model pipe belling machine, and any and all other pipe belling machines, in general. At the same time, Plaintiff represents that PEM, LLC continues to manufacture pipe belling machine 616BGLP, stating "PEM, LLC continues to manufacture and sell the very same belling machine model, PEM model 616B GLP, that amputated plaintiff's hand, and, it is believed, continues to sell these machines to Diamond Plastics." (R. Doc. 87-1 at 1). Plaintiff re-iterated this belief in Reply, stating, "Upon information and belief PEM, LLC is still manufacturing and selling the exact same design and model belling machine that was manufactured and sold by PEM, Inc., the PEM 616B GLP, that amputated the head and arm of its operators at Diamond Plastics facilities." (R. Doc. 94 at 4).

 "For a motion to compel, '[t]he moving party bears the burden of showing that the material and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10. 2010)). Plaintiff has made little attempt to show how successor models, or any other model pipe belling machines would be relevant to his claims, especially given his representation that PEM, LLC continues to manufacture and sell the same model that caused his injuries, and potentially other relevant injuries. Plaintiff suggests briefly in his Reply that "Reiber gasket belling machines, of which the 616B GLP is, operate similarly…" (R. Doc. 94 at 17). This statement is unsupported, made only in Reply, and insufficient to meet his burden.

---

[1] Plaintiff references model "616BGLP" and "616B GLP" at various points in his discovery requests. The Court presumes that the difference in spacing is inconsequential.

Plaintiff has, therefore, failed to meet his burden that any other model pipe belling machine is relevant and within the scope of discovery. The Court will limit Plaintiff's discovery requests herein to the subject machine and any other pipe belling machine model 616BGLP. *See, e.g., Phinney v. Cont'l Tire the Americas, LLC*, 2011 WL 13232552, at *2 (N.D. Tex. Nov. 4, 2011) (denying plaintiffs' motion to compel where "Plaintiffs have not met their burden to establish that the other tires are substantially similar to the subject tire.").

The Court now turns to objections and arguments raised as to specific discovery requests.

### 4.    Interrogatory No. 5

Interrogatory No. 5 asks PEM, LLC to "list all models of pipe belling machines and/or guards manufactured by PEM, Inc. that you purchased from PEM, Inc., MEP, Inc. or HWEM, Inc." (R. Doc. 87-2 at 3). PEM, LLC responded that "no pipe belling machines and/or guards manufactured by PEM, Inc. and the named entities were purchased by PEM." (R. Doc. 87-2 at 3). Plaintiff suggests in briefing that the inquiry included "the design, production, and all such proprietary rights to those particular models, and is not limited to the physical machines manufactured by PEM, Inc." (R. Doc. 87-1 at 4). Plaintiff also suggests that, since a "preliminary requirement for successor liability is that the successor entity purchased all of the assets of the predecessor entity," the "question is relevant to determine which models of belling machines and/or guards were purchased by PEM, LLC." (R. Doc. 94 at 6).

As to the scope of what was purchased, Plaintiff's interrogatory asks PEM, LLC to "list all models… that you purchased," which does not, by its plain reading and generally understood meanings, include "design, production, and all such proprietary rights," and the Court will not expand the scope of a discovery request based on representations of intent made in briefing. Further, the Court understands that PEM, LLC produced to Plaintiff a copy of the Asset Purchase

8

Agreement, which would likely define the scope of the agreement between PEM, LLC and PEM, Inc., the seller, including what was purchased. Accordingly, Plaintiff's Motion to Compel (R. Doc. 87) as to Interrogatory No. 5 will be denied.

      **5.**      **Interrogatory No. 12**

Plaintiff's Interrogatory No. 12 asks "What Lockout Tagout recommendations were given to Diamond, the purchaser of the subject machine, and to purchasers of other pipe belling machines model 616BGLP, or successor models?" (R. Doc. 87-2 at 5). PEM, LLC asserted objections that the interrogatory is overly broad, unduly burdensome, vague, and compound in nature, then answers that "the 'subject machine' was not manufactured by PEM." (R. Doc. 87-2 at 5). Plaintiff states in Reply that he "is only interested in Lockout/Tagout recommendations given to purchasers, including Diamond, of the belling machine model 616B GLP, which PEM, LLC continues to manufacture and sell to customers, including Diamond." (R. Doc. 94 at 7).

PEM, LLC provided only a partial answer to Plaintiff's Interrogatory No. 12, indicating that it did not manufacture the subject machine, which suggests that it would not have been the entity to have sold the subject machine to Diamond, and therefore, would not have been the entity to have provided any documents accompanying the sale of the subject machine. Where Plaintiff suggests that "PEM, LLC continues to manufacture pipe belling machine model 616B GLP," PEM, LLC did not provide any information regarding the Lockout Tagout recommendations given to purchasers of other pipe belling machines model 616BGLP, which was requested in Plaintiff's Interrogatory No. 12.

Furthermore, the information sought by Plaintiff's Interrogatory No. 12 may also be relevant to Plaintiff's claims against Defendant Diamond. That is to say, whether Defendant Diamond received particular Lockout Tagout recommendations, whether it followed those

recommendations, and whether Defendant Diamond's compliance or non-compliance with particular Lockout Tagout recommendations contributed to Plaintiff's injury, are relevant to the claims made in this litigation. Thus, Plaintiff's Interrogatory No. 12 is within the scope of discovery for multiple relevant purposes.

Accordingly, Plaintiff's Motion to Compel (R. Doc. 87) is granted as to Interrogatory No. 12 insofar as it seeks "Lockout Tagout recommendations given to purchasers of pipe belling machines model 616BGLP."

### 6.    Interrogatory No. 17

Interrogatory No. 17 seeks the following:

> State whether the subject machine and/or its guards were serviced, maintained, and/or repaired either by you or by some other company, including by[sic] not limited to PEM, Inc., HWEM, Inc., MEP, Inc. or Harold F. Wright. Please state who performed the service, maintenance and/or repair, the dates such service, maintenance and/or repair was performed, and the service, maintenance and/or repair tasks performed.

(R. Doc. 87-2 at 8). PEM, LLC responded that "it neither has nor had control over the 'subject machine' at any time." (R. Doc. 87-2 at 8). Plaintiff argues that his interrogatory was regarding the service, maintenance, and repair of the subject machine, not control of the machine. (R. Doc. 87-1 at 5). PEM, LLC states in its Opposition that it "did not service, maintain and/or repair the subject machine." (R. Doc. 91 at 7).

Although PEM, LLC's initial response that "it neither has nor had control over the 'subject machine' at any time," is not directly responsive to Plaintiff's Interrogatory, PEM, LLC clarified its response in Opposition that it "did not service, maintain and/or repair the subject machine." The Court finds this response sufficient, subject to PEM, LLC's obligation to provide supplemental or amended discovery responses, if needed. Accordingly, Plaintiff's motion to Compel as to Interrogatory No. 17 will be denied as moot.

7.    **Interrogatory No. 21**

Plaintiff's Interrogatory No. 21 asks the following:

> Have you ever received any complaints, concerns or suggestions from purchasers, users, operators or owners, or PEM, Inc. or MEP, Inc. or HWEM, Inc. or Harold F. Wright regarding the safety of the subject machine, other belling machines model 616BGLP, and/or successor models, or any pipe belling machines and/or their guards? If so, please provide the identity of the person making the complaint, concern, or suggestion, and the date of same.

(R. Doc. 87-2 at 10). PEM, LLC responded with the objection that it "is not the manufacturer of the 'subject machine,'" and also that "it has not received negative feedback, concerns, or suggestions from any of the identified entities and/or individuals." (R. Doc. 87-2 at 10). Plaintiff argues that PEM, LLC's response regarding "identified entities and/or individuals" does not encompass Plaintiff's reference to "purchasers, users, operators or owners," and that his inquiry was not limited to the subject machine. (R. Doc. 87-1 at 6).

Plaintiff's Interrogatory No. 21 is overly broad insofar as it seeks complaints, concerns, or suggestions regarding any pipe belling machines other than the subject machine and model 616BGLP as set forth in Section 3 above. On the other hand, to the extent Plaintiff's Interrogatory No. 21 seeks complaints, concerns, or suggestions from purchasers, users, operators, or owners, or PEM, Inc., MEP, Inc., HWEM, Inc., or Harold F. Wright, regarding the safety of the subject machine or pipe belling machine model 616BLGP, or their guards, such request is within the scope of discovery and the Court will compel response accordingly. It is unclear from PEM, LLC's response whether its suggestion that it had not received negative feedback, concerns, or suggestions from any of the identified entities and/or individuals" was limited to those specifically listed, or included the general categories of "purchasers, users, operators or owners." Accordingly, PEM, LLC shall clarify its response to Interrogatory No. 21 so as to eliminate any confusion.

11

### 8.    Interrogatory No. 22

Plaintiff's Interrogatory No. 22 asks the following:

> Have you ever received any complaints, concerns or suggestions from purchasers, users, operators or owners, or PEM, Inc. or MEP, Inc. or HWEM Inc. or Harold F. Wright regarding the use, non-use, functionality, or non-functionality of the guards on the subject machine, guards on other belling machines model 616BGLP and/or successor models, or guards on any pipe belling machines? If so, please provide the identity of the person making the complaint, concern, or suggestion, and the date of the same.

(R. Doc. 87-2 at 10). PEM, LLC referenced its response to Interrogatory No. 21, wherein it stated that it "is not the manufacturer of the 'subject machine,'" and also that "it has not received negative feedback, concerns, or suggestions from any of the identified entities and/or individuals." (R. Doc. 87-2 at 10-11).

The Court finds the same limitations appropriate as set forth in Section 3 and as to Interrogatory No. 21. To the extent Plaintiff seeks any complaints, concerns, or suggestions from purchasers, users, operators, or owners, or PEM, Inc., MEP, Inc., HWEM, Inc., or Harold F. Wright regarding the use, non-use, functionality, or non-functionality of the guards on the subject machine or pipe belling machine model 616BGLP, such request is within the scope of discovery and the Court will compel response accordingly.

Plaintiff suggests that the "question about guards on other models is relevant because it shows the availability of other designs and other models may also use the same type of guards as used on the 616BGLP." (R. Doc. 94 at 7). However, Plaintiff's Interrogatory No. 22 does not seek information with regard to other designs of guards, nor does Plaintiff meet his burden of establishing the relevance of other models of pipe belling machines, as discussed previously. Plaintiff's Interrogatory No. 22 is limited to "complaints, concerns or suggestions… regarding

the use, non-use, functionality, or non-functionality of the guards," which the Court finds relevant and discoverable as set forth herein.

### 9.    Request for Production No. 2

Plaintiff's Request for Production No. 2 asks for "the design drawings for the subject machine." (R. Doc. 87-2 at 12). PEM, LLC objects, stating the "request contains proprietary information." (R. Doc. 87-2 at 12). In briefing, Plaintiff suggests that PEM, LLC asserted in response to interrogatories that it did not manufacture the subject machine, which statement is inconsistent with its response to the production request that the information is proprietary. (R. Doc. 87-1 at 7). Plaintiff also suggests that he "will agree to sign a confidentiality agreement." (R. Doc. 87-1 at 7). In Opposition, PEM, LLC states that it "is not in possession of drawings for the subject machine" and "did not receive many documents from PEM, Inc. from the Asset Purchase Agreement." (R. Doc. 91 at 8).

PEM, LLC's position is unclear. In response to the production request, PEM, LLC states that the information is proprietary, which suggests that it asserts a trade secret privilege over information within its possession, custody, or control. In briefing, however, PEM, LLC states that it "is not in possession of drawings for the subject machine," and "did not receive many documents from PEM, Inc. from the Asset Purchase Agreement." (R. Doc. 91 at 8).

Nevertheless, the Court finds the information sought by Plaintiff in Request for Production No. 2 to be within the scope of discovery, and will compel response and/or clarification accordingly. To the extent PEM, LLC has in its possession, custody, or control design drawings of the subject machine, PEM, LLC shall respond accordingly. The assertion of any trade secret or proprietary business information can be addressed through a negotiated

protective order.  Whether any such privilege applies that would preclude such discovery is not before the Court.

### 10.    Request for Production No. 3

Plaintiff's Request for Production No. 3 seeks the following information:

Produce the design drawings for any belling machine model 616BGLP, and or successor models and/or their guards.

(R. Doc. 87-2 at 12). PEM, LLC referenced its response to Request for Production No. 2, which raised an objection that the information sought was proprietary. (R. Doc. 87-2 at 12). In Reply, Plaintiff states that he "seeks the design drawings for belling machine model 616BGLP as manufactured by PEM, LLC after its purchase of PEM, Inc.," which "is relevant for both its products liability claim as well as successor liability." (R. Doc. 94 at 10).

As set forth in Section 3 above, while pipe belling machine model 616BGLP is within the scope of discovery, successor models are not, given the representations of the parties and the lack of any showing that successor models are substantially similar. As in the Court's finding with regard to Request for Production No. 2, to the extent PEM, LLC has in its possession, custody, or control design drawings of pipe belling machine model 616BGLP, either from PEM, Inc. or as the current manufacturer, PEM, LLC shall respond accordingly.

### 11.    Request for Production No. 6

In Plaintiff's Request for Production No. 6, he asks PEM, LLC to produce "the purchase order, sales receipt, service contract, parts orders, or any other documentation relating to the subject machine and/or its guards to the present date." (R. Doc. 87-2 at 13). PEM, LLC objected, stating it "is not the manufacturer of the 'subject machine.'" (R. Doc. 87-2 at 13). Plaintiff argues that PEM, LLC's answer is not responsive. (R. Doc. 87-1 at 8). PEM, LLC states in Opposition that it "is not in possession of the requested documents as [it] did not manufacture, sell, service,

maintain, and/or repair the subject belling machine as established previously," and that it "does not possess such records from PEM, Inc." (R. Doc. 91 at 9).

The Court agrees that PEM, LLC's response that it is not the manufacturer of the subject machine does not fully answer the question asked. However, where PEM, LLC represents in opposition that it "is not in possession of the requested documents as [it] did not manufacture, sell, service, maintain, and/or repair the subject belling machine as established previously," and that it "does not possess such records from PEM, Inc.," that response is sufficient, subject to PEM, LLC's obligation to provide supplemental or amended discovery responses, if needed. Accordingly, Plaintiff's motion to Compel as to Request for Production No. 6 will be denied as moot.

### 12.    Request for Production No. 7

Plaintiff's Request for Production No. 7 asks for the following:

> Produce a certified copy of any and all policies of insurance (including, but not limited to primary, excess and/or umbrella insurance policies) which may give liability insurance coverage, to you for the accident sued upon herein.

(R. Doc. 87-2 at 13). PEM, LLC stated, "Please see PEM's documentation relative to this request, attached." (R. Doc. 87-2 at 14). Plaintiff asserts that PEM, LLC produced only the declarations page, wherein he requested a complete copy of all insurance policies. (R. Doc. 87-1 at 8). PEM, LLC responds that "it will supplement this request as soon as possible." (R. Doc. 91 at 10).

There being no objection to be addressed as to Request for Production No. 7, the Court will simply order that PEM, LLC provide the supplemental information, if it has not already done so.

### 13.    Request for Production No. 8

Request for Production No. 8 seeks the following:

> Produce all documents evidencing any communication of any kind, between you and Diamond and/or PEM Inc., MEP, Inc. or HWEM, Inc. or Harold F. Wright relating in any way to Plaintiff and/or the subject machine or belling machines model 616BGLP, and/or successor models and/or their guards.

(R. Doc. 87-2 at 14). PEM, LLC raised objections that the request is overly broad and unduly burdensome, and that it is not the manufacturer of the subject machine, then states that "no such documents exist." (R. Doc. 87-2 at 14). Plaintiff argues that "a fair reading is that reference to PEM, LLC includes reference to Nathan Spearman, who formed PEM, LLC." (R. Doc. 87-1 at 9). PEM, LLC reiterates its objections, and states that the request is "unrelated to the subject machine from which the claims against PEM stem." (R. Doc. 91 at 11).

The Court finds Request for Production No. 8 within the scope of discovery, subject to the limitations set forth below. First, Plaintiff's request did not specifically include reference to Nathan Spearman. At the same time, PEM, LLC is an entity as opposed to an individual, and a reasonable reading of the request would necessarily include communications by an individual acting on behalf of that entity. To the extent PEM, LLC has responsive information including Nathan Spearman, or any other individual acting on behalf of PEM, LLC, that information shall be produced. Second, Request for Production No. 8 contains no temporal limitation. Plaintiff initiated this litigation on October 18, 2018, alleging injury sustained on or about August 23, 2018. Based on this information, the Court finds that the relevant time period for purposes of Request for Production No. 8 is the approximately three (3) years prior to the date of injury, or August 1, 2015 through October 18, 2018.

While the Court notes PEM, LLC's representation that "no such documents exist" (R. Doc. 87-2 at 14), this statement is contradicted by later statements that the request is "unrelated

to the subject machine from which the claims against PEM stem" (R. Doc. 91 at 11), such that PEM, LLC's position is unclear. Thus, the Court finds good cause to compel supplemental response to Request for Production No. 8 based on the foregoing discussion.

### 14.    Request for Production No. 9

Plaintiff's Request for Production No. 9 seeks the following:

> Produce all documents evidencing any communication of any kind, between you and any other entity involved in the design, production, manufacture, or servicing of the subject machine, belling machines model 616BGLP, and/or successor models and/or their guards regarding injuries to any persons operating the subject machine or belling machines model 616BLGP, and/or successor models and/or their guards.

(R. Doc. 87-2 at 14). PEM, LLC argues that the request is overly broad and unduly burdensome, then states that "no such documents exist." (R. Doc. 87-2 at 9). In briefing, Plaintiff explains the scope of his request, to include communications regarding the death of Raymundo Correa. (R. Doc. 87-1 at 9-10). PEM, LLC reiterates that it is "not in possession of such documentation." (R. Doc. 91 at 11). Plaintiff suggests in Reply that the information is relevant "to determine whether the design of the machine and/or guards was deficient and the knowledge of all parties regarding the dangers posed by the 616B GLP model machine to its operators." (R. Doc. 94 at 12).

Request for Production No. 9 is within the scope of discovery, so to the extent that PEM, LLC has any responsive documents, i.e., communications regarding injuries to any persons, including but not limited to Plaintiff and Raymundo Correa, operating the subject machine or belling machine model 616BGLP or their guards regarding injuries to any persons, that information should have been produced.

That being said, the Court makes no finding as to what documents may or may not be in the possession, custody, or control of PEM, LLC, which has provided a certified response that "no such documents exist," and the Court cannot compel a production where there is no such

production to be compelled. Thus, Plaintiff's Motion to Compel as to Request for Production No. 9 will be denied as moot, subject to PEM, LLC's continuing obligation to provide supplemental or amended discovery responses, if needed or clarified by the discussions herein.

### 15.    Request for Production No. 10

Plaintiff's Request for Production No. 10 asks for "all documents concerning or referring to any claimed or actual injuries to persons operating the subject machine, belling machines model 616BGLP, and/or successor models and/or their guards." (R. Doc. 87-2 at 15). PEM, LLC raised objections that the request is overly broad and unduly burdensome, noted that it is not the manufacturer of the subject machine, and responded that "no such documents exist." (R. Doc. 87-2 at 15). Plaintiff asserts that it "is incredible that PEM, LLC (or Nathan Spearman) would not have been aware of this and other accidents involving the assets of a business it was preparing to purchase." (R. Doc. 87-1 at 10). PEM, LLC restates its boilerplate objections and position that it "is not in possession of such documentation." (R. Doc. 91 at 12).

As noted above, to the extent Nathan Spearman would be acting on behalf of PEM, LLC, those documents are within the scope of discovery, as are documents concerning or referring to any claimed or actual injuries to persons operating the subject machine or belling machine model 616BGLP or their guards, to the exclusion of successor models. Where, however, PEM, LLC responded that it "is not in possession of such documentation," the Court makes no finding on what information PEM, LLC may or may not have in its possession, custody or control, and the Court cannot compel a production where there is no such production to be compelled. Thus, Plaintiff's Motion to Compel as to Request for Production No. 10 will be denied as moot, subject to PEM, LLC's continuing obligation to provide supplemental or amended discovery responses, if needed or clarified by the discussions herein.

However, because the Court has generally limited and clarified the scope of discovery sought by Plaintiff, PEM, LLC shall provide supplemental response, if any, or re-certify that no such documents exist.

### 16.    Request for Production No. 12

In Request for Production No. 12, Plaintiff seeks the following:

> Produce all documents relating to any business relationship, contract or affiliation between you and any other entity or person involved in the production of the subject machine, belling machines model 616BGLP, and/or successor models and/or their guards relating to their manufacture, distribution or design.

(R. Doc. 87-2 at 15-16). PEM, LLC responded with objections that the request is overly broad and unduly burdensome, that it is not the manufacturer, and subject to those objections, that no such documents exist. (R. Doc. 87-2 at 16). Plaintiff suggests that PEM, LLC provided only the final Asset Purchase Agreement when he was seeking "all documents form the inception of negotiations between PEM, Inc. and PEM, LLC, or between PEM, Inc. and Nathan Spearman, who formed PEM, LLC." (R. Doc. 87-1 at 11). PEM, LLC responds that it is not in possession of supplemental documentation. (R. Doc. 91 at 13).

The Court again makes no finding as to what documents may or may not be in the possession, custody, or control of PEM, LLC. Having said that, to the extent Plaintiff's Request for Production No. 12 seeks documents relating to any business relationship, contract or affiliation between PEM, LLC and any other entity or person involved in the production of the subject machine or pipe belling machine model 616BGLP or their guards, that information is within the scope of discovery, including negotiations between PEM, LLC and PEM, Inc. leading to the consummation of the Asset Purchase Agreement. Because the Court has generally limited and clarified the scope of discovery sought by Plaintiff, PEM, LLC shall provide supplemental response, if any, or re-certify that no such documents exist.

19

17.    **Request for Production No. 13**

Plaintiff seeks the following in Request for Production No. 13:

Produce all documents relating to any plans, decision, or activities to develop, design, manufacture, supply, distribute, or facilitate development, design, manufacturing, distribution, or supply of the subject machine, belling machines model 616BGLP and/or successor models and/or their guards.

(R. Doc. 87-2 at 16). PEM, LLC raised objections that the request is overly broad and unduly

burdensome, noted that it did not manufacture the subject machine, and stated "that no such

documents exist." (R. Doc. 87-2 at 16).

Where PEM, LLC has represented in certified discovery response "that no such

documents exist," the Court cannot compel a production where there is no such production to be

compelled. Thus, Plaintiff's Motion to Compel as to Request for Production No. 13 will be

denied as moot, subject to PEM, LLC's continuing obligation to provide supplemental or

amended discovery responses, if needed or clarified by the discussions herein.

18.    **Request for Production No. 14**

In Request for Production No. 14, Plaintiff seeks the following:

Produce all Manuals, warranties and other documentation which accompanied the subject machine, belling machines model 616BGLP, and/or successor models and/or their guards at the time of their original purchase by any consumer including Diamond.

(R. Doc. 87-2 at 16). PEM, LLC responded that the request is overly broad and unduly

burdensome, and that it is not the manufacturer of the subject machine, then referenced its

production of an Owner's Manual. (R. Doc. 87-2 at 17). Plaintiff asserts that PEM, LLC now

produces belling machine model 616BGLP, and that his request was not limited to an Owner's

Manual. (R. Doc. 87-1 at 12). PEM, LLC reiterates its boilerplate objections and states that it "is

not in possession of supplemental documentation." (R. Doc. 91 at 14). Plaintiff suggests in Reply

that his Request would not be limited to the Owner's Manual, but would include "all documentation that accompanies the purchase of a belling machine model 616B GLP when sold by PEM, LLC," including but not limited to service manuals, parts lists, and warranty information. (R. Doc. 94 at 14).

The parties appear to agree that PEM, LLC was not the manufacturer of the subject machine, and the Court has previously concluded that successor models are not within the scope of discovery. However, Plaintiff has represented that PEM, LLC currently manufactures belling machine model 616BGLP, and PEM, LLC's objection is limited to its position that it did not manufacture the *subject machine*, making no representation as to whether it manufactured belling machine model 616BGLP at any point. With regard to belling machine model 616BGLP, Plaintiff's Request for Production No. 14 is within the scope of discovery, which would include information that PEM, LLC includes in the purchase and sale of belling machine model 616BGLP, as well as any of that information it received from PEM, Inc. through the entity transfer. Therefore, because PEM, LLC's objection is couched as limited to the "subject machine," and the Court has found herein that the scope of discovery is not so limited, to the extent PEM, LLC has any responsive information in its possession, custody, or control, it shall be provided in accordance with this Order.

### 19.    Request for Production No. 16

In Request for Production No. 16, Plaintiff seeks the following:

> Produce all testing protocol, testing standards, testing results, or test reports in your possession, custody, or control concerning safety testing conducted on the subject machine, belling machines model 616BGLP, and/or successor models and/or their guards or any of their components.

(R. Doc. 87-2 at 17). PEM, LLC raises objections that the request is overly broad and unduly burdensome, that it is not the manufacturer of the subject machine, and that "it does not possess

referenced testing materials." (R. Doc. 87-2 at 17). Plaintiff argues that PEM, LLC manufactures

belling machine model 616BGLP, and notes that PEM, LLC's answer to his Interrogatory No. 23

stated that it "does not outsource its products and constructs its own products." (R. Doc. 87-1 at

13). PEM, LLC responds that "it does not possess referenced testing materials." (R. Doc. 91 at

14). Plaintiff argues in Reply that "PEM, LLC's response that it has no such documents, when it

'does not outsource its products and constructs its own products,' appears incredible." (R. Doc.

94 at 15).

As in PEM, LLC's response to previous requests for production, it is unclear whether

PEM, LLC's statement that it has no responsive materials is based on its position that it is not the

manufacturer of the subject machine or whether that response is applicable to belling machine

model 616BGLP. Whether PEM, LLC has any responsive information as manufacturer of belling

machine model 616BGLP, or through the Asset Purchase Agreement between it and PEM, Inc.,

is relevant and discoverable. To the extent PEM, LLC has in its possession, custody, or control

information as to belling machine model 616BGLP responsive to Request for Production No. 16,

it shall provide that information in accordance with the Court's Order herein, or re-certify that it

has no responsive information.

### 20. Request for Production No. 17

Plaintiff's Request for Production No. 17 seeks the following:

> Produce all notices, reports or other documentation issued to or received from
> dealers, distributors, sellers, or users regarding personal injuries caused by the
> subject machine or other belling machines including, but not limited to, belling
> machine model 616BGLP and/or successor models and/or their guards.

(R. Doc. 87-2 at 18). In addition to objections that the request is overly broad and unduly

burdensome, and that it is not the manufacturer of the subject machine, PEM, LLC responded

"that no such documentation exists." (R. Doc. 87-2 at 18). PEM, LLC argues that its request was

not limited to the subject machine, and speculates that PEM, LLC must have responsive information "concerning injuries caused by the very product it manufactures." (R. Doc. 87-1 at 14). PEM, LLC states that the request is "unrelated to the subject machine from which the claims against PEM stem." (R. Doc. 91 at 15).

For the same reasons noted previously, to the extent PEM, LLC's position that no documentation exists is limited to only the subject belling machine, that response would be incomplete, and PEM, LLC shall provide supplemental response, if any, to include belling machine model 616BGLP in accordance with this Court's Order, or re-certify that no such documentation exists. As set forth in Section 3, PEM, LLC's objection that a request is "unrelated to the subject machine from which the claims against PEM stem" is without merit because belling machine model 616BGLP is within the scope of discovery.

### 21.    Request for Production No. 19

In Plaintiff's Request for Production No. 19, he seeks the following:

> Produce all copies of all tests performed by or for you or to which you have had access, wherein the purpose of the test included, in whole or in part, to determine the technical, economic, or practical feasibility or utility of any type of guarding device, retrofit, or other design feature or mechanism which would prevent injuries by the subject machine, belling machine model 616BGLP and/or successor models, or other pipe belling machines.

(R. Doc. 87-2 at 19). PEM, LLC raised objections that the request is overly broad and unduly burdensome, that it is not the manufacturer of the subject machine, and "that no such documentation exists." (R. Doc. 87-2 at 19). Plaintiff argues that his request was not limited to the subject machine. (R. Doc. 87-1 at 14). PEM, LLC states that the request is "unrelated to the subject machine from which the claims against PEM stem." (R. Doc. 91 at 16).

For the same reasons noted previously, to the extent PEM, LLC's position that no documentation exists is limited to only the subject belling machine, that response would be

incomplete, and PEM, LLC shall provide supplemental response, if any, to include belling machine model 616BGLP in accordance with this Court's Order, or re-certify that no such documentation exists. As set forth in Section 3, PEM, LLC's objection that a request is "unrelated to the subject machine from which the claims against PEM stem" is without merit because belling machine model 616BGLP is within the scope of discovery.

### 22. Request for Production No. 20

Plaintiff's Request for Production No. 20 seeks the following:

> Produce all photographs, films, videotapes, or other visual representations of any testing conducted on or relating to the subject machine, belling machine model 616BGLP and/or successor models, or other pipe belling machines and/or their guards.

(R. Doc. 87-2 at 19). PEM, LLC raised objections that the request is overly broad and unduly burdensome, that it is not the manufacturer of the subject machine, and "that no such documentation exists." (R. Doc. 87-2 at 19). Plaintiff asserts that his request was not limited to the subject machine. (R. Doc. 87-1 at 14). PEM, LLC responds that the request is "unrelated to the subject machine from which the claims against PEM stem," and that it "is not in possession of the requested documentation." (R. Doc. 91 at 16).

For the same reasons noted previously, to the extent PEM, LLC's position that no documentation exists is limited to only the subject belling machine, that response would be incomplete, and PEM, LLC shall provide supplemental response, if any, to include belling machine model 616BGLP in accordance with this Court's Order, or re-certify that no such documentation exists. As set forth in Section 3, PEM, LLC's objection that a request is "unrelated to the subject machine from which the claims against PEM stem" is without merit because belling machine model 616BGLP is within the scope of discovery. The Court makes no finding as to what documents PEM, LLC has in its possession, custody, or control, but to the

extent that position is based on its objection that the request is unrelated to the subject machine, PEM, LLC shall provide supplemental response to include belling machine model 616BGLP, or re-certify that no such documents exist.

Plaintiff suggests in Reply that, if PEM, LLC is not in possession of responsive information, it should identify who is. (R. Doc. 94 at 16). The Court will not compel such a response, as Plaintiff's Request for Production No. 20 seeks production of documentary information as opposed to written response in the form of an interrogatory, and the request does not seek PEM, LLC's knowledge, if any, of who may be in possession of such responsive information.

### 23.    Request for Production No. 21

Plaintiff's Request for Production No. 21 seeks the following;

Produce any and all correspondence, reports, letters, correspondence and any and all documents, pertaining, in any way to testing the subject machine, belling machine model 616BGLP and/or successor models, or other pipe belling machines and/or their guards.

(R. Doc. 87-2 at 19). PEM, LLC responded with objections that the request is overly broad and unduly burdensome, that it is not the manufacturer of the subject machine, and "that no such documentation exists." (R. Doc. 87-2 at 20). Plaintiff argues that his request was not limited to the subject machine. (R. Doc. 87-1 at 15). PEM, LLC states that the request is "unrelated to the subject machine from which the claims against PEM stem." (R. Doc. 91 at 17).

For the same reasons noted previously, to the extent PEM, LLC's position that no documentation exists is limited to only the subject belling machine, that response would be incomplete, and PEM, LLC shall provide supplemental response, if any, to include belling machine model 616BGLP in accordance with this Court's Order, or re-certify that no such documentation exists. As set forth in Section 3, PEM, LLC's objection that a request is

"unrelated to the subject machine from which the claims against PEM stem" is without merit because belling machine model 616BGLP is within the scope of discovery.

### 24.    Request for Production No. 22

In Plaintiff's Request for Production No. 22, he seeks the following:

> Produce any and all documents pertaining, in any way, to any problems, changes, defects, modifications, design or warnings involving the subject machine, belling machine model 616BGLP and/or successor models, or other pipe belling machines and/or their guards.

(R. Doc. 87-2 at 20). PEM LC raised objects that the request is overly broad and unduly burdensome, that it is not the manufacturer of the subject machine, and responds "that no such documentation exists." (R. Doc. 87-2 at 20). In his Motion, Plaintiff argues that his request is not limited to the subject machine, but includes belling machine model 616BGLP and other pipe belling machines, and points to the alleged decapitation of Raymundo Correa. (R. Doc. 87-1 at 16). PEM, LLC responds with its objection that the request is "unrelated to the subject machine from which the claims against PEM stem." (R. Doc. 91 at 18).

For the same reasons noted previously, to the extent PEM, LLC's position that no documentation exists is limited to only the subject belling machine, that response would be incomplete, and PEM, LLC shall provide supplemental response, if any, to include belling machine model 616BGLP in accordance with this Court's Order, or re-certify that no such documentation exists. As set forth in Section 3, PEM, LLC's objection that a request is "unrelated to the subject machine from which the claims against PEM stem" is without merit because belling machine model 616BGLP is within the scope of discovery.

26

25.    **Request for Production No. 23**

Plaintiff's Request for Production No. 23 asks for the following:

Produce all internal memoranda, correspondence, studies, tests, reports or other documentation or[sic] any nature, including computer entries, regarding injuries or property damage relating to the subject machine, belling machine model 616BGLP and/or successor models, or other pipe belling machines and/or their guards.

(R. Doc. 87-2 at 20). PEM, LLC responded with objections that the request is overly broad and unduly burdensome, that it is not the manufacturer of the subject machine, and responds "that no such documentation exists." (R. Doc. 87-2 at 20). Plaintiff argues that his request is not limited to the subject machine, but includes belling machine model 616BGLP and other pipe belling machines, and points to the alleged decapitation of Raymundo Correa. (R. Doc. 87-1 at 16-17). PEM, LLC responds with its objection that the request is "unrelated to the subject machine from which the claims against PEM stem." (R. Doc. 91 at 18).

For the same reasons noted previously, to the extent PEM, LLC's position that no documentation exists is limited to only the subject belling machine, that response would be incomplete, and PEM, LLC shall provide supplemental response, if any, to include belling machine model 616BGLP in accordance with this Court's Order, or re-certify that no such documentation exists. As set forth in Section 3, PEM, LLC's objection that a request is "unrelated to the subject machine from which the claims against PEM stem" is without merit because belling machine model 616BGLP is within the scope of discovery.

Notwithstanding the foregoing, Plaintiff's Request for Production No. 23 also seeks information regarding property damage. Plaintiff's claims arise out of physical injuries he suffered while operating the subject machine, and he has made no showing that property damage would be within the scope of discovery. Therefore, the Court strikes the portion of Request for Production No. 23 that seeks information regarding property damage.

### 26.    Request for Production No. 26

In Plaintiff's Request for Production No. 26, he asks PEM, LLC to produce "all changes and supplements of the Owner's Manual, service Manual, or other documentation pertaining to the subject machine or belling machine model 616BGLP or its successor models and/or their guards." (R. Doc. 87-2 at 21). PEM, LLC raised objections that the request is overly broad and unduly burdensome, that it is not the manufacturer of the subject machine, and responds "that it does not possess the referenced information and/or documentation." (R. Doc. 87-2 at 22). Plaintiff argues that his request is not limited to the subject machine, and notes that PEM, LLC currently manufactures belling machine model 616BGLP. (R.Doc. 87-1 at 17). PEM, LLC responds that the request is "unrelated to the subject machine from which the claims against PEM stem." (R. Doc. 91 at 19).

For the same reasons noted previously, to the extent PEM, LLC's suggestion that it does not possess the information sought is limited to only the subject belling machine, that response would be incomplete, and PEM, LLC shall provide supplemental response, if any, to include belling machine model 616BGLP in accordance with this Court's Order, or re-certify that no such documentation exists. The Court also notes that Plaintiff has represented PEM, LLC currently manufactures belling machine model 616BGLP, and PEM, LLC's objection is limited to its position that it did not manufacture the *subject machine*, making no representation as to whether it manufactured belling machine model 616BGLP at any point. As set forth in Section 3, PEM, LLC's objection that a request is "unrelated to the subject machine from which the claims against PEM stem" is without merit because belling machine model 616BGLP is within the scope of discovery. PEM, LLC shall provide supplemental response, if any, in accordance with the Court's Order herein.

28

**27.    Request for Production No. 27**

In Plaintiff's Request for Production No. 27, he seeks the following:

Produce any and all contracts, agreements, or other documents reflecting business relationships or other agreements of any description or kind between you and any other entity or person involved in the production of the subject machine and/or belling machine model 616BGLP or its successor models and/or their guards including but not limited to their purchase, sale, manufacture, design, or distribution, and service.

(R. Doc. 87-2 at 22). PEM, LLC raised objections that the request is overly broad and unduly burdensome, that it is not the manufacturer of the subject machine, and responds "that no such documentation or relationships exist." (R. Doc. 87-2 at 22). Plaintiff argues in his Motion that his request is not limited to the subject machine, and covers "all documents reflecting business relationships and other agreements between PEM, LLC (or Nathan Spearman) and the former company, PEM, Inc., yet the only documents produced were the final 'Asset Purchase Agreement' and some employment contracts between PEM, LLC and former PEM, Inc. employees." (R. Doc. 87-1 at 18). PEM, LLC responds that the request is "unrelated to the subject machine from which the claims against PEM stem" and that it "is not in possession of supplemental documentation." (R. Doc. 91 at 19-20). Plaintiff suggests in Reply that PEM, LLC has represented "it assumed no liabilities for PEM, Inc." and that "PEM, Inc. asserts it dropped all insurance coverage for any machines on the date of its sale to PEM, LLC." (R. Doc. 94 at 19).

For the reasons set forth above, to the extent PEM, LLC's representation that it "is not in possession of supplemental documentation" is limited to the subject machine, the scope of discovery is not so narrow, and includes information regarding belling machine model 616BGLP as set forth in Section 3. The Court makes no finding as to what information is within the possession, custody, or control of PEM, LLC, but where the Court's findings herein broaden the scope of the response previously provided by PEM, LLC, it shall supplement its response in

accordance with this Court's Order herein. Further, where the parties agree that PEM, LLC provided the Asset Purchase Agreement, and will be supplementing its response to Request for Production No. 7 with a complete copy of any applicable insurance policies, and the Court has ordered supplemental responses to other various Requests for Production, these findings encompass the concerns expressed by Plaintiff in Reply regarding the assumption of liabilities and insurance coverage.

### 28.    Request for Production No. 28

Plaintiff's Request for Production No. 28 asks PEM, LLC to produce "any and all communications concerning removal and/or alteration and/or replacement and/or design or redesign of the guards from the subject machine and/or belling machine model 616BGLP or its successor models or other pipe belling machines." (R. Doc. 87-2 at 22). PEM, LLC raised objections that the request is overly broad and unduly burdensome, that it is not the manufacturer of the subject machine, and responds "that no such communications exist." (R. Doc. 87-2 at 23). Plaintiff argues that his request is not limited to the subject machine, but covers belling machine model 616BGLP and other pipe belling machines. (R. Doc. 87-1 at 18-19). PEM, LLC responds that Plaintiff's request is "unrelated to the subject machine from which the claims against PEM stem." (R. Doc. 91 at 20).

For the same reasons noted previously, to the extent PEM, LLC's position that no documentation exists is limited to only the subject belling machine, that response would be incomplete, and PEM, LLC shall provide supplemental response, if any, to include belling machine model 616BGLP in accordance with this Court's Order, or re-certify that no such documentation exists. As set forth in Section 3, PEM, LLC's objection that a request is

"unrelated to the subject machine from which the claims against PEM stem" is without merit because belling machine model 616BGLP is within the scope of discovery.

### 29.    Request for Production No. 29

Plaintiff's Request for Production No. 29 asks PEM, LLC to produce "any and all documents regarding the sale of PEM, Inc. to you from the inception of discussion to sell PEM, Inc. to PEM, LLC, through the sale of PEM, Inc. to PEM, LLC and the subsequent name change of PEM, Inc. to MEP, Inc. and then to HWEM, Inc." (R. Doc. 87-2 at 23). In response, PEM, LLC states "[p]lease see PEM's documentation relative to this request, attached." (R. Doc. 87-2 at 23). Plaintiff suggests that PEM, LLC produced only the final Asset Purchase Agreement and employment contracts, and agrees to sign a protective order to ensure confidentiality of additional documents within the scope of Plaintiff's request. (R. Doc. 87-1 at 19). PEM, LLC responds that it has produced the documentation in its possession and that it "is not in possession of supplemental documentation." (R. Doc. 91 at 21).

While the Court again makes no finding as to what documentation is within the possession, custody, or control of PEM, LLC, it is difficult to envision a scenario where two entities entered into a binding Asset Purchase Agreement without any documentation, communications, or negotiations regarding that purchase and sale. To the extent PEM, LLC has any such information in its possession, custody, or control, that information is within the scope of discovery, especially considering the district court's March 24, 2020 Ruling and Order (R. Doc. 84) providing for discovery regarding successor liability. PEM, LLC shall provide supplemental response in accordance with the Court's Order herein, or re-certify that no such documentation exists. To the extent Plaintiff seeks in Reply the identity of who is in possession

of such information (R. Doc. 94 at 20), his request as originally written does not seek such information and the Court will not compel any such response herein.

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 87) filed by Plaintiff, Clarence Mitchell, is **GRANTED in part** and **DENIED in part** in accordance herewith.

**IT IS FURTHER ORDERED** that Defendant, Plastics Extrusion Machinery, LLC, shall provide supplemental responses as set forth herein within **thirty (30) days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on July 15, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**