UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE MITCHELL** | **CIVIL ACTION** |
| **VERSUS** | |
| **DIAMOND PLASTICS CORPORATION, ET AL.** | **NO.: 18-00919-BAJ-RLB** |

RULING AND ORDER

Before the Court is Defendant Plastics Extrusion Machinery, LLC's **Motion to Dismiss (Doc. 69)**. Defendant requests the Court to dismiss Intervenors' claims against them pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Intervenors did not oppose this motion. For the reasons stated herein, Defendant's Motion is **DENIED**.

I.   BACKGROUND

   **A. Basis of the Lawsuit**

This action arises from a malfunction of machinery resulting in the dismemberment of Plaintiff's right hand. Plaintiff was formerly employed as a belling machine operator for Diamond Plastics Corporation ("Diamond"). (Doc. 39 at p. 3). Plaintiff used the belling machine to cut and insert gaskets into PVC pipe. Plaintiff alleges that prior to the incident on which this action is based, the belling machine he operated shifted from its stationary position due to the vibrations from the machine. Plaintiff alleges that HWEM, Inc. ("HWEM") manufactured the machine. (Id.) Plaintiff alleges that when the belling machine shifted, the cutting mechanism

1

failed, and the blade of the machine nearly fell on his hand. (Id. at p. 4). After this incident, his supervisor tightened a bolt to hold the cutting mechanism in place. (Id.). Plaintiff further alleges that he continued to complain about the blade dropping. Plaintiff further alleges that the supervisor advised him that the machine needs a guard on it and for Plaintiff to be careful because the machine could grab his arm without the guard. (Id).

Plaintiff asserts that the belling machine continued to shift as a result of the machine's vibrations. Plaintiff further asserts that he continued to complain about the malfunctioning of the belling machine, only to be told to continue to operate the machine. On August 23, 2018, several minutes after Plaintiff's supervisor last told him to continue operating the machine as is, the cutting mechanism loosened, and the belling machine sucked in Plaintiff's right arm. The damage from this incident caused Plaintiff to lose his right hand. (Id.).

### B. Filing of Complaint and Intervention

Plaintiff filed a Complaint against several defendants. He sued Defendant Plastics Extrusion Machinery, LLC ("PEM") under successor and products liability theories for the belling machine. Zurich American Insurance Co. and Automation Personnel Services Inc. ("Automation") filed a Petition of Intervention (Doc. 52), alleging reimbursement claims against Plaintiff and all remaining Defendants. Automation is a staffing company that provides employees to Plaintiff's employer, Diamond. Zurich American Insurance Co. is Automation's worker compensation insurance provider. Intervenors claim that they have paid Plaintiff's worker's

compensation benefits, medical expenses, and other expenses under the Louisiana Workers' Compensation Act. (Id. at p. 2). Intervenors also claim that they are entitled to intervene for the reimbursement of all amounts paid to and/or on behalf of Plaintiff out of any damages or recovery which may be awarded to Plaintiff against Defendants. PEM filed the instant motion, seeking to dismiss the Intervenors' claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). PEM argues that Intervenors are premature in requesting any compensation without a finding of liability.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing *Twombly*, 550 U.S. at 556). Hence, a complaint need not set out "detailed factual allegations,"

3

but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

## III.  DISCUSSION

Intervenors have requested to be paid out of any judgment rendered in favor of Plaintiff to reimburse them for the payments they made under Louisiana Workers' Compensation law as a result of Plaintiff's accident. Intervenors argue that by virtue of the payments they made, they are subrogated legally or contractually to the claims by Plaintiff against Defendants, to the extent of all amounts paid by them. (Doc. 52 at p. 3).

PEM asserts that Intervenors' complaint is premature because Plaintiff has not yet settled his workers' compensation claim and PEM has not been found liable. PEM argues that the Intervenors have failed to state a cause of action against them for indemnity or subrogation and that Louisiana's workers' compensation laws are inapplicable here because it never employed Plaintiff. (Doc. 69-1 at p. 5). PEM further argues that since it is not an employer, it is not liable *in solido* with Plaintiff's employer under the statute; thus, the Intervenors' claim for reimbursement against them must be dismissed.

Under La R.S. 23:1101 *et. seq,* a workers' compensation insurer has a right of action against a third-party defendant for reimbursement. La R.S. 23:1101(B), provides that any person having paid or having become obligated to pay compensation may bring suit against a third person to recover any amount which he has paid. (Id.) The Louisiana Supreme Court has interpreted workers' compensation insurers to be

4

included within the term "any person having paid." See *Marquette Casualty Company v. Brown*, 103 So. 2d 269, 271 (La. 1958). Under La R.S. 23:1101(C), the term "third person" includes any party who causes injury to an employee at the time of his employment. When an employee files suit against a third person and notifies the insurer of the suit, the insurer may then intervene as a party plaintiff in the suit. La R.S. 23:1102(A). *Houston General Ins. Co. v. Commercial Union Ins. Co.*, 682 So. 2d 1341, 1348 (La. App. 1 Cir. 11/8/96).

The Court finds that the Intervenors' suit is not premature. Plaintiff amended his complaint to name PEM as a defendant on June 20, 2019. Intervenors, after receiving notice, filed their claim for reimbursement on September 30, 2019. In accordance with La. R.S. 23:1102(A), Plaintiff first filed his suit, then notified Intervenors, who then were permitted to intervene as party plaintiff. The statute does not provide that an insurer must wait until liability is determined to intervene. Thus, the Intervenors timely intervened in Plaintiff's suit.

The Court further finds that the Intervenors' suit for reimbursement is sufficiently pleaded and applicable to PEM. PEM, as a defendant who could be found liable under a successor or products liability theory, is a possible "third person" within the meaning of La R.S. 23:1101(C). PEM, as an alleged manufacturer of the belling machine that caused Plaintiff's injury, could be found to have "caused an injury to the employee at the time of his employment" according to the statute. In the event that PEM is found not liable, the Intervenors' claim will no longer remain against them. Because the Intervenors have timely intervened with a claim for

reimbursement against a possible negligent "third person" in accordance with Louisiana Workers' Compensation law, the Intervenors have sufficiently pleaded their claim.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED THAT** Defendant's Motion (Doc. 69) is **DENIED**.

Baton Rouge, Louisiana, this 20th day of July, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**