# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CLARENCE MITCHELL**  **CIVIL ACTION**

**VERSUS**

**DIAMOND PLASTICS CORPORATION, ET AL.**  **NO. 18-00919-BAJ-RLB**

## RULING AND ORDER

Before the Court is Diamond Plastics Corporation's Motion for Summary Judgment (Doc. 109), seeking dismissal of Plaintiff's action, with prejudice. Plaintiff opposes Diamond's Motion. (Doc. 124). Diamond's Motion will be denied for failure to comply with this Court's Local Rules regarding submission of evidence in support of its Motion.

This Court's Local Rules provide that a party seeking summary judgment must submit a Supporting Statement of Material Facts, specifically defined as

> a separate, short, and concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be simply and directly stated in narrative without footnotes or tables **and shall be supported by a record citation as required by subsection (f) of this rule**.

M.D. La. LR 56(b). In turn, Local Rule 56 subsection (f) provides, in relevant part:

> An assertion of fact set forth in a statement of material facts **shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.** The court shall have no independent duty to search or

>consider any part of the record not specifically referenced in the parties' separate statement of facts.

M.D. La. LR 56(f).

Here, Diamond Plastics has purported to submit a Statement Of Undisputed Material Facts in support of its Motion, yet has failed to identify or cite any record evidence whatsoever to substantiate these "facts." (*See Doc.* 109-1). And although Plaintiff admits certain of Diamond Plastics' proposed facts in his Opposing Statement of Material Facts, Plaintiff expressly contests or denies proposed "facts" that are material to the outcome of Diamond Plastics' Motion, including that the machine that caused Plaintiff's hand to be amputated was operating normally; that the machine was fitted with guards provided by the manufacturer at the time of the accident; that Plaintiff's injury was the first of its kind; and that Diamond Plastics did not know that an injury such as Plaintiff's was likely to occur. (*Compare* Doc. 109-1 *with* Doc. 124-1).

This Court has repeatedly admonished that "summary judgment is about *evidence*, and a party that fails to direct the Court's attention to any evidence supporting his claims cannot carry his burden of showing a genuine, material dispute" (or lack thereof). *See Gerkin v. McMurdo*, No. 19-cv-00249, 2021 WL 664840, at *1 (M.D. La. Feb. 19, 2021) (Jackson, J.) (emphasis in original); *see also Combs v. Exxon Mobil Corp.*, No. 18-cv-00459, 2020 WL 5121362, at *6 (M.D. La. Aug. 31, 2020) (Jackson, J.). Further, this Court has repeatedly warned that its Local Rules carry the force of law, that parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that "fails to comply with the Local Rules does so

2

at his own peril." *Combs*, 2020 WL 5121362, at *2; *see also Spell v. Edwards*, No. 20-cv-00282, 2020 WL 6588594, at *2 (M.D. La. Nov. 10, 2020) (Jackson, J.).

Due to Diamond Plastics' failure to identify and cite record evidence supporting its assertions, the Court disregards Diamond Plastics' purported Statement Of Undisputed Material Facts. M.D. La. LR 56(f). As a result, the Court lacks an evidentiary basis to determine the merits of Diamond Plastics' Motion, and Diamond Plastics has failed to carry its burden of proving "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

Accordingly,

**IT IS ORDERED** that Diamond Plastics' Motion for Summary Judgment (Doc. 109) is **DENIED**.

Baton Rouge, Louisiana, this 31st day of March, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**