UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE MITCHELL** | **CIVIL ACTION** |
| **VERSUS** | |
| **DIAMOND PLASTICS CORPORATION, ET AL.** | **NO. 18-00919-BAJ-RLB** |

## RULING AND ORDER

Before the Court is Defendant Diamond Plastics Corporation's **Motion In Limine (Doc. 139)**. Plaintiff opposes Diamond Plastics' Motion. (Doc. 142). For reasons to follow, Diamond Plastics' Motion will be denied.

### I. BACKGROUND

This action arises from an on-the-job accident. This much is undisputed: On August 29, 2018, Plaintiff was working at Diamond Plastics' facility in Plaquemine, Louisiana when his right hand was caught in the gate clamp of a PEM 616B GLP belling machine.[1] Plaintiff lost his right hand due to the injuries he sustained. (Doc. 138 at 3-4).

Beyond these basic facts, the parties contest the circumstances of Plaintiff's accident. Plaintiff contends that his injuries are attributable to Diamond Plastics' "removal and/or failure to replace the machine guard on the rear of the [belling machine]," which created a certain risk of injury by exposing "the inner workings of the beller chamber." (Doc. 138 at 2). Diamond Plastics concedes that the belling

---

[1] As alleged, a belling machine is used to cut and insert gaskets into PVC pipe.

machine's original guard was removed at some point prior to Plaintiff's accident, but otherwise disputes Plaintiff's account, arguing that its decision to remove the guard was reasoned, that alternative safety measures (such as warning signs and placards) were in place, and that Plaintiff's accident resulted from his own negligence. (Doc. 138 at 2-3).

A jury trial is set to begin March 7, 2022, where it will be Plaintiff's burden to prove that Diamond Plastics' acts and omissions amounted to an intentional tort. Relevant here, this requires Plaintiff to show that his injuries were "substantially certain to follow from" Diamond Plastics' conduct. *See Batiste v. Bayou Steel Corp.*, 2010-1561 (La. 10/1/10), 45 So. 3d 167, 168.[2] In support of the "substantial certainty" element, Plaintiff seeks to call five witnesses at trial that will testify regarding five *additional* accidents that occurred at various Diamond Plastics' facilities, each involving "improperly guarded PEM 616B GLP [belling machines]." (Doc. 142 at 2). As set forth in an October 12, 2020 report prepared by Plaintiff's occupational safety expert, Dr. Jahan Rasty, these five additional accidents occurred within five years of Plaintiff's accident, and each involved similar employee conduct and the same make and model of belling machine (with guards removed). Four of these accidents involved employees' hands being caught in unguarded belling machines, and resulted in injuries ranging from bruises and lacerations to finger amputations. (Doc. 124-8 at

---

[2] As noted in the Court's March 31, 2021 Order denying Diamond Plastics' motion for summary judgment, Plaintiff's summary judgment evidence establishes a genuine contest regarding whether, at the time of the accident, (i) the belling machine created an unreasonable risk of injury; (ii) Plaintiff's injury was the first of its kind; and (iii) Diamond Plastics was substantially certain that an injury such as Plaintiff's would occur. (*See* Doc. 151 at 2).

¶¶ 55-59). The fifth accident involved an employee's torso being caught in an unguarded belling machine, and, tragically, resulted in the employee's death. (*Id.* at ¶ 60). Dr. Rasty's report observes that these five prior accidents each occurred "at the exact same location of the machine where [Plaintiff's] injury occurred," and opines that the employees' "injuries would not have occurred" if guards had been in place:

> The above previous injuries all involve similar moving parts in the gasket loading chamber, at the exact same location of the machine where Mr. Mitchell's injury occurred. The 616B GLP beller machines are designed with guards in place to prevent users from reaching into the pinch-points present in the gasket loading chamber. If these guards were present (as designed), the above injuries would not have occurred.

(*Id.* at ¶ 61).

Understandably, Diamond Plastics does not want the jury to know about these five additional accidents, and now seeks to exclude all reference to these accidents at trial. (Doc. 139). Specifically, Diamond Plastics requests an order excluding from trial all evidence pertaining to accidents or injuries related to employees Raymundo Correa, Scotty Bell, Valentin Gomez, Stephen McGuire, and Charles Williams. (Doc. 139-2 at 1). Plaintiff opposes Diamond Plastics' Motion. (Doc. 142).

## II. ANALYSIS

At the outset, it bears reminding that motions *in limine* are *not* favored.

> Virtually any objection to the admissibility of evidence can and should be handled in the old-fashioned way, to wit: counsel objecting at the time the evidence is offered, thereby allowing the Court to rule on the objection in the context of the trial. *In limine* relief is warranted only in unusual situations, such as a matter so explosive or so incendiary that sustaining an objection in the routine way may not be sufficient to overcome the risk of undue prejudice.

*Lemings, et al. v. Taylor, et al.*, No. 18-cv-00768, 2021 WL 3215086, at *1 (M.D. La.

3

July 29, 2021) (Jackson, J.) (quoting *Broussard v. Board Of Supervisors Of Louisiana State University And A&M College, et al.,* No. 19-cv-00527-BAJ-RLB, 2021 WL 3032666, at *1 (M.D. La. July 19, 2021). The prior accident evidence at issue here is fairly pedestrian for this type of case, and could just as easily be dealt with at trial. Nonetheless, Diamond Plastics' arguments will be addressed in the order they are presented.

Diamond Plastics offers two objections to support its request to exclude all evidence relating to the five additional accidents: First, that "these other accidents are not relevant to the issue of Diamond's substantial certainty because they are too dissimilar from the circumstances of the plaintiff's accident"; and, second, "even if they are deemed minimally relevant to that issue the evidence would be unduly prejudicial to Diamond's defense." (Doc. 139-2 at 1).

Diamond Plastics' first objection is easily dispatched. Federal Rule of Evidence ("Rule") 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. As set forth in Dr. Rasty's report, (and the parties' briefing), each of the additional accidents at issue involved the *same* make and model of belling machine that caused Plaintiff's injuries. In each instance, the belling machine's guards had been removed. In each instance, an employee was positioned "at the exact same location of the machine where [Plaintiff's] injury occurred." And, in each instance, an employee was injured after reaching into an area of the machine that would have been shielded by a guard had it not been

4

removed. Moreover, Dr. Rasty opines that none of these five prior accidents would have occurred had guards been properly installed—an opinion that Diamond Plastics' own occupational safety expert does not dispute. (*See* Doc. 142 at 3-5). These five prior accidents are plainly relevant, and support Plaintiff's claim that his injuries were "substantially certain to follow from" Diamond Plastics' conduct. Diamond Plastics' first objection is overruled.

This leaves Diamond Plastics' second objection, that evidence of these prior accidents "would be unduly prejudicial to Diamond's defense." (Doc. 139-2 at 1). Under Rule 402, relevant evidence is generally admissible. Fed. R. Evid. 402. Rule 403 provides a limited exception to admissibility, however, by authorizing the Court "to exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice." Fed. R. Evid. 403.

The U.S. Court of Appeals for the Fifth Circuit has set forth multiple guiding principles for determining the applicability of Rule 403 to evidence of prior accidents. First, "Rule 403's scope is narrow," and its "application … must be cautious and sparing." *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007) (quotation marks omitted). Second, by its terms, Rule 403 is concerned only with the "danger of *unfair* prejudice, not merely the danger of prejudice inherent in any relevant evidence." *Moore v. Ashland Chem., Inc.*, 126 F.3d 679, 692 (5th Cir. 1997) (emphasis in original), *opinion vacated and superseded*, 151 F.3d 269 (5th Cir. 1998); *accord United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) ("Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative

5

values, which permits exclusion of relevant matter under Rule 403." (emphasis in original)); *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) ("Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"). Finally, "[w]hen evidence of other accidents … is offered for any purpose other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents … are 'closely similar' to the facts and circumstances at issue." *Johnson v. Ford Motor Company*, 988 F.2d 573, 579 (5th Cir. 1993). The "closely similar" inquiry includes examining factors such as whether the prior accidents involved the same machinery and the same "mechanical defect," and are close in time. *See id.*

Applying these principles here, the Court finds that the evidence of the five prior accidents is not so unfairly prejudicial as to require exclusion under Rule 403. Again, each of the five prior accidents at issue was close in time to Plaintiff's accident (within five years), involved the *same* machinery (a PEM 616B GLP belling machine), and featured the *same* mechanical defect (removed guards). Even more, the injured employees were each positioned "at the exact same location of the machine where [Plaintiff's] injury occurred," and suffered injuries after reaching into an area that would have been shielded had guards not been removed. And, again, Plaintiff's expert contends that these five additional accidents would not have occurred had guards been properly installed.

On this record, Plaintiff has carried his burden, and shown that these five prior accidents are "'closely similar' to the facts and circumstances at issue." *Johnson*, 988

6

F.2d at 579. Accordingly, allowing evidence of these accidents at trial is not so *unfairly* prejudicial as to *substantially* outweigh the probative value to the issue of Diamond Plastic's "substantial certainty."[3] *Id.*; *see, e.g.*, *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 340 (5th Cir. 1980) (district court abused discretion by refusing to admit evidence of prior accidents where the accidents were not "too remote" and plaintiff's expert testified that circumstances resulting in the prior accidents were "virtually identical"). Diamond Plastics' Motion will be denied, and evidence of the five additional accidents will be admitted at trial.[4]

---

[3] Diamond Plastics cites multiple cases in support of its argument that the five prior accidents should be excluded under Rule 403. The majority of these cases are inapposite because they do not address admissibility of prior accidents; rather, they address whether such evidence is *sufficient* to prove an employer's "substantial certainty" of impending injury. Admissibility and sufficiency are separate inquiries.

The few cases cited by Diamond Plastics that actually discuss the issue of admissibility are distinguishable, because they addressed (and excluded) prior accidents that were too remote, involved dissimilar circumstances or different equipment, or were not properly established at trial. *See Harrower v. Louisiana ex rel. Louisiana Dep't of Transp.*, 327 F. App'x 501, 502 (5th Cir. 2009) (affirming exclusion of nine prior accidents at a railroad crossing where one was too remote (having occurred 25 years before), seven involved vehicles approaching from the opposite direction, and the last involved a malfunctioning crossing light); *Crappell v. Boh Bros. Constr. Co., LLC*, No. 06-cv-1315, 2010 WL 11549530, at *2 (E.D. La. Dec. 21, 2010) (Zainey, J.) (excluding evidence of prior "pile failure" that was not "substantially [or] reasonably similar," where the prior accident involved "different contractors," "different size piles accompanied by different sets of instructions," different contributing causes, and different injuries); *Andrade v. Cooper/T. Smith Stevedoring Co.*, No. 06-cv-907, 2009 WL 3010108, at *3 (M.D. La. Sept. 21, 2009) (Brady, J.) (ruling that plaintiff's *own* history of work-related accidents and injuries was *not relevant* to a determination of plaintiff's "seaman status" under the Jones Act, where defendant "failed to demonstrate precisely how such accidents relate to the current incident, [or] to establish substantial similarities between the prior accidents and the one at issue in this case); *Maldonado v. Kiewit Louisiana Co.*, 2012-1868 (La. App. 1 Cir. 5/30/14), 152 So. 3d 909, 925-26 (trial court erred by admitting "information about three accidents that had occurred more than ten years before the instant accident," where plaintiff failed to "establish how the accidents occurred, where the accidents occurred, or the names of the parties involved in those accidents"). Here, by contrast, Plaintiff has carried his burden of proving that the five prior accidents are "'closely similar' to the facts and circumstances at issue," for reasons explained above. *Johnson*, 988 F.2d at 579.

[4] As stated, *supra* n.3, admissibility and sufficiency are separate inquiries. This Order

## III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Diamond Plastics' **Motion In Limine (Doc. 139)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 11th day of August, 2021

*[signature]*

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

addresses the admissibility of the five prior accidents, *only*. Whether such evidence is *sufficient* to prove Diamond Plastics' substantial certainty of impending injury is an ultimate question of fact reserved for the jury. *See Klepsky v. Dick Enterprises, Inc.*, 55 F. App'x 270, 277 (6th Cir. 2003) ("While this case undoubtedly presents a close question on the issue of whether the employer knew that injury was a substantial certainty, we are satisfied that when the evidence and all permissible inferences are construed in the light most favorable to Klepsky, there was sufficient evidence of record that would have permitted a reasonable jury to conclude, as this jury did, that Trabucco knew that the strap/manlift procedure was substantially certain to cause injury."); *Heil v. Belle Starr Saloon & Casino, Inc.*, 09-cv-5074, 2013 WL 943811, at *9 (D.S.D. Mar. 11, 2013) (Viken, C.J.) ("It is ultimately a question of fact for the jury to determine whether the evidence satisfies the substantial certainty standard."). At trial, Diamond Plastics will obviously be afforded the opportunity to challenge the sufficiency of this evidence through cross-examination, rebuttal evidence, and, if appropriate, jury instructions.